**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Angela Hilgedick, surviving spouse of)
L.D. Steven Gladestone, on her own)
behalf and on behalf of Doreen Gladstone,)
surviving mother of L.D. Steven)
Gladstone,                          )
                                    )
                    Plaintiffs,     )
                                    )
vs.                                 )
                                    )
                                    )
United States of America; Sue Collins,)
P.C., an Arizona corporation; Walgreens)
Oshkosh, Inc., a foreign corporation;)
Walgreens National Corporation, a foreign)
corporation, d/b/a Walgreens; Walgreen)
Arizona Drug Co., a foreign corporation;)
Walgreens Health Initiatives, Inc., a)
foreign corporation, d/b/a Walgreens)
Health Initiatives; WHP Health Initiatives,)
Inc., an Illinois corporation; Walgreen)
Pharmacy Services Western, L.L.C., a)
foreign corporation; Walgreen Co., a)
foreign corporation;                )
                                    )
                    Defendants.     )
_____)

No. CV-08-8160-PHX-LOA

**ORDER**

This matter arises on Defendant United States of America's Motion to Dismiss and Remand, and separate Memorandum of Points and Authorities, filed on December 12, 2008. (docket ## 4-5)   The United States contends Plaintiffs failed to exhaust their administrative remedies by not timely filing administrative claims as 28 U.S.C. § 2675(a) of the Federal Tort Claims Act ("FTCA") requires. *McNeil v. United States*, 508 U.S. 106

1   (1993); *Woodbeck  v. U.S.*, 2008 WL 312104 (D. Ariz. 2008) (a remarkably similar case ).

2   Also pending for ruling is the United States' Motion to Vacate Entry of Default filed in the

3   underlying State court action on the day after the action was removed to this Court.  (docket

4   # 18) No other Defendant has appeared to date.

5           Plaintiffs do not oppose the Motion but "request[] that the Court rule on the

6   Motion to Vacate the Default Judgment prior to issuing a ruling on Defendant United States'

7   Motion to Dismiss and Remand."  (docket # 25 at 2)  Plaintiffs do not explain the reason for

8   the requested sequence of rulings. The Court will grant the United States' Motions, will

9   dismiss the federal employees without prejudice, and remand this case back to the Maricopa

10  County Superior Court for further proceedings.

11                              **BACKGROUND**

12          Plaintiffs filed this medical-negligence, wrongful-death action in the Superior

13  Court of the State of Arizona, Maricopa County, on September 26, 2008, naming as

14  Defendants, among others: Sue Collins, FNP (Family Nurse Practitioner)[1] and North

15  Country Healthcare, Inc., d/b/a North Country Community Health Center, an Arizona

16  corporation. (docket # 7)  Subsequently, Defendants Collins and North Country were

17  "deemed to be employees of the Public Health Service [("PHS")]," United States

18  Department of Health and Human Services, during the relevant time of the conduct

19  complained of in the First Amended Complaint. (*Id.* # 7)  The United States certified that

20  at the relevant time these Defendants were PHS employees.  (docket # 5-3 at 10-11)

21  Pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233, the United States  removed this

22  action to federal court on December 12, 2008.  The United States, Defendants Collins and

23  North Country have consented in writing to magistrate-judge jurisdiction pursuant to 28

24  U.S.C. § 636(c) and Rule 73(a), FED.R.CIV.P.  (docket # 14 and # 20)

25  _____

26          [1] Defendant Sue Collins, P.C., an Arizona corporation, was also a named Defendant

27  but Plaintiffs concede they have "discovered during the course of this litigation [this
    Defendant] is not related to this case." (docket # 25 at 2)

28

1

**THE FEDERAL TORT CLAIMS ACT**

2    It is well-settled that the United States, as a sovereign, is immune from suit

3 except as it consents to be sued and the terms of its consent define the parameters of a federal

4 court's jurisdiction to entertain suits brought against it. *Department of the Army v. Blue Fox*,

5 Inc., 525 U.S. 255, 259 (1999) ("Absent a waiver, sovereign immunity shields the Federal

6 Government and its agencies from suit. [citation omitted] Congress, of course, has waived

7 its immunity for a wide range of suits, including those that seek traditional money

8 damages."); *Library of Congress v. Shaw*, 478 U.S. 310 (1986); *United States v. Orleans*,

9 425 U.S. 807, 814 (1976); *Dalehite v. United States*, 346 U.S. 15, 30-31 (1952). As a

10 corollary to this general immunity principle, it is an accepted jurisprudential rule that "[n]o

11 action lies against the United States unless the legislature has authorized it." *Id.* at 30.

12    The FTCA, which allows monetary recovery against the United States for loss

13 of property, personal injury or wrongful death caused by the negligent or wrongful acts or

14 omissions of federal employees acting within the scope of their employment, is a "limited

15 waiver" of the Government's sovereign immunity. *Graham v. United States*, 96 F.3d 446,

16 448 (9th Cir. 1996) (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

17 "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475

18 (1994) ("Indeed, the terms of [the United States'] consent to be sued in any court define that

19 court's jurisdiction to entertain the suit.") (internal quotation marks omitted). If a plaintiff's

20 claim falls outside the FTCA's limited waiver of sovereign immunity, the district court lacks

21 subject-matter jurisdiction. *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir. 1983);

22 *Monaco v. United States*, 661 F.2d 129, 131 (9th Cir. 1981) ("[a] number of statutory and

23 judicial exceptions limit the waiver, and if a claim falls within any such exception the court

24 is without jurisdiction to hear the case.") (citations omitted).

25    Under the Federal Tort Claims Act, 28 U.S.C. § 2675(a) provides:

26    An action shall *not* be instituted upon a claim against the United
       States for money damages for injury or loss of property or
27    personal injury or death caused by the negligent or wrongful act
       or omission of any employee of the Government while acting
28    with the scope of his office of employment, *unless* the claimant

1    shall have first presented the claim to the appropriate federal
     agency and his claim shall have been finally denied by the
2    agency in writing and sent by certified or registered mail. . . .

3    28 U.S.C. § 2675(a) (emphasis added).  Failure to comply with the provisions of 28 U.S.C.

4    § 2675(a) is an absolute bar to suit in any court. *McNeil v. United States*, 508 U.S. 106

5    (1993); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Cadwalder v. United*

6    *States*, 45 F.3d 297, 300 (9th Cir. 1995); *Bryant v. United States*, 147 F. Supp. 2d 953, 961

7    (D. Ariz. 2000).

8            PHS employees are covered under the FTCA pursuant to the Federally

9    Supported Health Centers Assistance Act of 1995 ("FSHCAA"). 42 U.S.C. § 233;

10   *Woodbeck*, 2008 WL 312104, * 1 (citing *McLaurin v. U.S.*, 392 F.3d 774, 777 (5th Cir.

11   2004)); *Murrietta v. Banner Health System*, 2006 WL 1663236, * 2 (D. Ariz. 2006). "[T]he

12   FSHCAA makes the FTCA the exclusive remedy for action against employees of the PHS

13   resulting from the performance of medical  .  .  .  or related functions and protects

14   commissioned officers or employees of [PHS] from being subject to suit while performing

15   medical and similar functions by requiring that such lawsuits be brought against the United

16   States instead." *McLaurin*, 392 F.3d at 777 (internal quotation marks omitted).

17                                    **DISCUSSION**

18           The United States argues that the First Amended Complaint fails to allege that

19   Plaintiffs filed an administrative claim and that the 28 U.S.C. § 2675 six-month waiting

20   period has expired. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely

21   filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under

22   the FTCA [citation omitted] and, as such, should be affirmatively alleged in the complaint.

23   A  district  court  may  dismiss  a  complaint  for  failure  to  allege  this  jurisdictional

24   prerequisite."). Furthermore, the United States clearly establishes the Department of Health

25   and Human Services has no record of Plaintiffs' pursuit of their administrative claim

26   remedies. (See, Declaration of Meredith Torres, attached to Notice of Removal; docket # 5-3

27   at 8-9). Significantly, Plaintiffs' Response "certifies [they have] not filed an administrative

28   tort claim prior to filing suit under the Federal Tort Claims Act, 28 U.S.C. §1346 (b) and

1    2671 *et seq*." and do "not oppose Defendant United States of America's Motion to Dismiss

2    for lack of Jurisdiction."[2]   (docket # 25 at 2) The Court finds the Maricopa County Superior

3    Court lacked jurisdiction over the PHS Defendants.

4              Concluding the Maricopa County Superior Court lacked jurisdiction over the

5    PHS Defendants when their default was entered, there is no need for the Court to address the

6    various reasons the United States contends its Motion to Vacate Entry of Default should be

7    granted. The United States' Motion to Vacate Entry of Default will be summarily granted

8    because good cause exists that the Maricopa County Superior Court lacked jurisdiction to

9    proceed against the PHS Defendants.  Rules 55(c), FED.R.CIV.P.  The case will be remanded

10   back to the Superior Court of the State of Arizona, Maricopa County, for further

11   proceedings. *Gallup v. Nail*, 2007 WL 2471165, *2 (D. Ariz. 2007).

12             Accordingly,

13             **IT IS ORDERED** that the United States' Motion to Vacate Entry of Default,

14   docket # 18, is **GRANTED** and hereby vacating the entry of default against Defendants Sue

15   Collins, FNP, and North Country Healthcare, Inc., d/b/a North Country Community Health

16   Center, an Arizona corporation.

17             **IT IS FURTHER ORDERED** that the United States' Motion to Dismiss and

18   Remand, docket # 4, is **GRANTED** and hereby dismissing Defendants Sue Collins, FNP,

19   and North Country Healthcare, Inc., d/b/a North Country Community Health Center, an

20   Arizona corporation, from Plaintiffs' First Amended Complaint. The dismissal is without

21   prejudice as to all Defendants except Defendant Sue Collins, P.C., an Arizona corporation,

22   which is dismissed with prejudice.

23

24   ───────────────

25        [2] Plaintiffs imply they will file such a claim because they have "60 days from the date
     of this Court's dismissal of the United States of America to file [their] administrative
26   claim[,]" citing 28 U.S.C.A. §2679 (d)(5). Without addressing the merits of such a filing,
     like the Court in *Woodbeck* did, citing *Marks v. United States*, 2007 WL 3087157, at *1
27   (W.D. Wash. 2007) and *Oeser v. Ashford*, 2007 WL 1280584, at *1 (N.D. Cal. 2007),  the
     dismissal herein will be without prejudice.
28

1        **IT IS FURTHER ORDERED** directing the Clerk to remand this case to the

2   Superior Court of the State of Arizona, Maricopa County, for further proceedings and to

3   terminate this federal case.

4        DATED this 20th day of January, 2009.

5

6

7                                Lawrence O. Anderson
                                United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28